UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**DOMINIC SCOTT,**

      Plaintiff,           Case No.

**v.**

           Hon.

**DEPENDABLE CLEANING CARPET
AND UPHOLSTERY CO.,**
and **JAMES H. TREMP,**

      Defendants.

**GOLD STAR LAW, P.C.**
**Caitlin E. Malhiot (P76606)**
**David A. Hardesty (38609)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, Michigan 48084
(248) 275-5200
*cmalhiot@goldstarlaw.com*
*dhardesty@goldstarlaw.com*

## COMPLAINT

Plaintiff, Dominic Scott, through his attorneys, Gold Star Law, P.C., for his Complaint states:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff, Dominic Scott ("Scott") is an individual who resides in Port Huron, St. Clair County, Michigan.

2. Defendant, Dependable Cleaning Carpet and Upholstery Co., ("Dependable Cleaning") is a Michigan corporation with its registered office in Port Huron, Michigan.

3. Defendant James H. Tremp ("Tremp") is the resident agent, authorized officer, and manager of the Defendant corporation.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 U.S.C. 201, *et seq.,* and the Michigan Workforce Opportunity Wage Act of 2014 ("WOWA") and jurisdiction of this Court in invoked pursuant to 28 U.S.C. 1331 and 28 U.S.C. 1367(b).

5. Defendants reside within this judicial district and the claims asserted in this action arose within this district. Venue is proper in this Court pursuant to 28 U.S.C. 1391(b).

## FACTUAL ALLEGATIONS

6. Defendants own and operate a janitorial services and carpet cleaning company.

7. Defendants employed Scott as a water fill technician from on or about June, 2015 until January 29, 2019.

8. Scott's primary job duty was to clean out pipes by the water to remove all bacteria.

9. Scott was wrongly classified by Defendents as a 1099 independent contractor.

10. Scott, on average, worked about 46 hours per week during winter months.

11. Scott, on average, worked about 56 hours per week during summer months.

12. Scott's regular rate of pay at the start of his employment, in approximately June 2015, was $9.00 per hour.

13. Scott's regular rate of pay at the end of his employment, in approximately January 2019, was $13.00 per hour.

14. Defendants directed the day to day work performed by Scott and Scott was required to report back to Defendants throughout the day.

15. Defendants provided Scott with the materials and equipment necessary to perform work for Defendants.

16. Scott was not, at any time during his employment with Defendants, exempt from the overtime pay requirements of the FLSA or WOWA.

17. All hours worked by Scott, including overtime hours, were worked at the direction and with sufferance of Defendants.

18. Throughout Scott's employment with Defendants, Defendants did not compensate Scott at 1 and ½ times his regular rate of pay for any hours worked in

excess of 40 hours per week. Instead, Defendants paid Scott at his regular rate of pay for all hours worked.

19. Defendants' failure to pay overtime is in violation of the FLSA and WOWA and was willful, and with knowledge, or with reckless disregard, of the statutory requirements under the FLSA.

## COUNT I -
## VIOLATION OF THE FAIR LABOR STANDARTS ACT OF 1938

20. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

21. Defendants are "employers" within the coverage of the FLSA.

22. Plaintiff is an "employee" within the coverage of the FLSA.

23. Defendants were required to compensate Plaintiff at 1 ½ times his regular rate of pay for hours worked in excess of 40 per week.

24. Defendants failed to compensate Plaintiff at 1 ½ times his regular rate of pay for hours worked in excess of 40 per week.

25. Defendants' violation of the FLSA was willful, with knowledge or reckless disregard of the statutory requirements under the FLSA.

26. Pursuant to the Section 216 of the FLSA, Defendants are liable to Plaintiff for unpaid wages and overtime compensation, plus an additional equal amount as liquidated damage, together with the cost reasonable attorney's fees.

## COUNT II -

## VIOLATION OF THE WORKFORCE OPPORTUNITY WAGE ACT

27. Plaintiff incorporates the allegations in the foregoing paragraphs of this Complaint as if fully stated herein.

28. Plaintiff is an "employee" within the coverage of WOWA.

29. Defendants are "employers" within the coverage of WOWA.

30. Pursuant to the WOWA, Defendants are required to pay Plaintiff at a rate of 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours per week.

31. Defendants failed to pay Plaintiff at least 1 ½ times his regular rate of pay for all hours worked in excess of 40 hours per week, in violation of Section4a of the WOWA.

32. Pursuant to Section 9 of the WOWA, an employer who violates the WOWA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants, jointly and severally, in an amount to be determined at trial, together with her cost and reasonable attorney fees incurred herein, and such other relief as this Court deems just and equitable.

                        Respectfully submitted,

                        **GOLD STAR LAW, P.C.**

                        */s/ Caitlin E. Malhiot*
                        **Caitlin E. Malhiot (P76606)**
                        Attorney for Plaintiff
                        2701 Troy Center Dr., Ste. 400
                        Troy, Michigan 48084
                        (248) 275-5200
                        *cmalhiot@goldstarlaw.com*

Dated: July 16, 2019